CHAD A. READLER
  Acting Assistant Attorney General
BRIAN STRETCH
  United States Attorney
JACQUELINE COLEMAN SNEAD
  Assistant Branch Director
ERIC J. SOSKIN (PA Bar No. 20066)
  Senior Counsel
JENNIE L. KNEEDLER (DC Bar No. 500261)
KEVIN M. SNELL (NY Bar)
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0533
Facsimile: (202) 616-8470
Email: Eric.Soskin@usdoj.gov
*Attorneys for the Attorney General*

UNDER SEAL

ORIGINAL FILED

APR -7 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 17  1959

In re NATIONAL SECURITY LETTERS

Civil Action No.

PETITION FOR JUDICIAL REVIEW AND ENFORCEMENT OF TWO NATIONAL SECURITY LETTERS PURSUANT TO 18 U.S.C. § 3511

LODGED UNDER SEAL
[18 U.S.C. § 3511(d)]

Petitioner Jefferson B. Sessions, III, Attorney General of the United States of America, brings this petition to enforce compliance with the information request and nondisclosure provision of one National Security Letter ("NSL"), as well as the nondisclosure provision of another NSL, and states as follows:

## INTRODUCTION

1. As part of an authorized national security investigation by the Federal Bureau of Investigation ("FBI"), on ▮▮▮▮ 2016, the FBI served on and/or issued to respondent ▮▮▮▮ ("respondent") an NSL ▮▮▮▮ NSL") as authorized by statute, 18 U.S.C. § 2709, seeking limited and specific information necessary to the investigation. In the ▮▮▮▮ NSL, an authorized FBI official certified to respondent that disclosure of the fact or contents of the NSL may, *inter alia*, endanger national security. As a result, disclosure of the fact or contents of the ▮▮▮▮ NSL is prohibited by statute, 18 U.S.C. § 2709.

2. Respondent has refused to voluntarily comply with the ▮▮▮▮ NSL. Although respondent was required to provide the Government the requested information on or about ▮▮▮▮ respondent still has not done so. The FBI needs the information sought by the NSL to further its ongoing authorized national security investigation. This Court therefore should enter an order declaring that respondent must comply with the information request in the NSL pursuant to 18 U.S.C. § 2709(a) as applied to respondent here.

3. As part of an authorized national security investigation by the FBI, on ▮▮▮▮ 2016, the FBI served on and/or issued to respondent an NSL ▮▮▮▮ NSL") as authorized by statute, 18 U.S.C. § 2709, seeking limited and specific information necessary to the investigation. In the ▮▮▮▮ NSL, an authorized FBI official certified to respondent that disclosure of the fact or contents of the NSL may, *inter alia*, endanger national security. As a result, disclosure of the fact or contents of the ▮▮▮▮ NSL is prohibited by statute, 18 U.S.C. § 2709.

4. The FBI subsequently withdrew the ▮▮▮▮ NSL. Respondent continues to object to the nondisclosure requirement with respect to the ▮▮▮▮ NSL.

5. The ▮▮▮▮ NSLs informed respondent that, if respondent objected to the nondisclosure obligations imposed by statute and the NSLs and so informed the FBI, then the FBI would initiate judicial review of the nondisclosure requirement within 30 days thereafter. Respondent sent two letters, each dated March 10, 2017, to notify the FBI that

respondent wishes to have a court review the nondisclosure requirements of the two NSLs. At the time the NSLs issued, an authorized FBI official certified pursuant to law, 18 U.S.C. § 2709(c), that there is good reason to believe that disclosure of the fact or contents of each NSL may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of a person. Another authorized, senior FBI official recently has reaffirmed in a declaration that there is good reason to believe that disclosure of the fact or contents of these NSLs may result in one of those harms. For those reasons, the Attorney General also brings this petition pursuant to 18 U.S.C. § 3511(b)(1)(B) to obtain an order prohibiting the disclosure of the existence or contents of the NSLs and thereby preventing the harm described above. This Court should enter an order declaring that the respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709(c), as applied to respondent here.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction to require respondent to provide the Government the records requested in the [redacted] NSL pursuant to 18 U.S.C. § 3511(c), which provides that when the recipient of an NSL "fail[s] to comply with a request for records . . . the Attorney General may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." The Court has jurisdiction to enforce the NSLs' nondisclosure provisions pursuant to 18 U.S.C. § 3511(b)(1)(B), which provides that, when the recipient of an NSL notifies the Government that it wishes to have a court review a nondisclosure requirement imposed under 18 U.S.C. § 2709, the Attorney General "shall apply for an order prohibiting the disclosure of the existence or contents of the relevant request or order . . . in the district court of the United States for the judicial district in which the recipient of the order is doing business . . . [or in] which the authorized investigation that is the basis for the request is being conducted." The NSLs at issue here included imposition of the nondisclosure requirement and notification of the availability of judicial review. *See* 18 U.S.C. § 2709(d).

1 | Under § 3511(b)(1)(C), this Court may "issue a nondisclosure order that includes conditions
2 | appropriate to the circumstances." The Court also has jurisdiction under 28 U.S.C. § 1345.
3 |     7.    Venue lies in the Northern District of California pursuant to 18 U.S.C.

[redacted]

## INTRADISTRICT ASSIGNMENT

8. Respondent's [redacted]

## PARTIES

9. Petitioner is the Attorney General of the United States. The Attorney General is the nation's chief law enforcement officer and the head of the United States Department of Justice, an Executive Agency of the United States of America. The FBI is a law enforcement agency within the Department of Justice.

10. Respondent is a corporation with a principal place of business at [redacted]

## STATUTORY BACKGROUND

11. 18 U.S.C. § 2709 authorizes the FBI to issue NSLs in connection with foreign counterintelligence and counterterrorism investigations. The FBI has similar authority to issue NSLs under the National Security Act of 1947, the Fair Credit Reporting Act, and the Right to Financial Privacy Act. *See* 12 U.S.C. §§ 3414(a)(1), 3414(a)(5); 15 U.S.C. §§ 1681u, 1681v; 50 U.S.C. § 3162.

12. Subsections (a) and (b) of 18 U.S.C. § 2709 authorize the FBI to request "subscriber information" and "toll billing records information," or "electronic communication transactional records," from wire or electronic communication service providers. In order to issue an NSL, a designated official must certify that the information sought is "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities." 18 U.S.C. § 2709(b)(1)-(2). When an NSL is issued in connection with an

investigation of a "United States person," the same official must certify that the investigation is "not conducted solely on the basis of activities protected by the first amendment." *Id.*

13. To protect the secrecy of counterintelligence and counterterrorism investigations, § 2709(c) permits the application of a nondisclosure obligation to an NSL recipient. Section 2709(c) prohibits disclosure when a designated FBI official certifies, prior to the issuance of the NSL, that "the absence of a prohibition of disclosure . . . may result in — (i) a danger to the national security of the United States; (ii) interference with a criminal, counterterrorism, or counterintelligence investigation; (iii) interference with diplomatic relations; or (iv) danger to the life or physical safety of any person." *Id.* § 2709(c)(1)(B). When such a certification is made, the NSL itself notifies the recipient of the nondisclosure requirement. *Id.* § 2709(c)(1). For the prohibition on disclosure to take effect, "notice of the right to judicial review" also must be provided. *Id.* § 2709(c)(1)(A).

14. 18 U.S.C. § 2709(d) provides that judicial review of an NSL, including a nondisclosure requirement imposed by an NSL, is available pursuant to 18 U.S.C. § 3511.

15. 18 U.S.C. § 3511(a) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside the request" for information contained in the NSL.

16. 18 U.S.C. § 3511(c) authorizes the Government to petition a district court for enforcement of an NSL. That section provides that when the recipient of an NSL "fail[s] to comply with a request for records," the Attorney General "may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." *Id.*

17. 18 U.S.C. § 3511(b) authorizes the recipient of an NSL "to have a court review a nondisclosure requirement" contained in an NSL. *Id.* § 3511(b)(1). If the recipient "wishes," the recipient may obtain such review either by "fil[ing] a petition for judicial review" or by "notify[ing] the Government" of its desire to obtain judicial review, *id.* § 3511(b)(1)(A), in

1  which case the burden falls on the Government to bring a petition for judicial review, *id.*
2  § 3511(b)(1)(B).

3  18.  18 U.S.C. § 3511(b)(1)(B) requires the Government, after receiving a notification from a recipient that it wishes judicial review of the nondisclosure requirement, to "apply for an order prohibiting the disclosure of the existence or contents of the relevant request or order." *Id.* § 3511(b)(1)(B). Such application must take place "[n]ot later than 30 days after the date of receipt" of the notification. *Id.*

4  19.  18 U.S.C. § 3511(b)(1)(C) provides that a district court, upon receipt of a petition to review an NSL nondisclosure requirement, should "rule expeditiously" and enter "a nondisclosure order that includes conditions appropriate to the circumstances."

5  20.  Pursuant to 18 U.S.C. § 2709(d)(2), an NSL must inform the recipient of the opportunity to challenge the NSL in accordance with 18 U.S.C. § 3511(a), if compliance would be unreasonable, oppressive, or otherwise unlawful, and in accordance with section 3511(b)(1), if the recipient wishes to have a court review the nondisclosure requirement.

6  21.  In light of respondent not providing the Government the information requested in the [redacted] NSL and respondent's wish for judicial review of the nondisclosure requirements in the [redacted] NSLs, *see* ¶¶ 1-5, *supra*, and pursuant to the procedures contained in 18 U.S.C. § 3511, the Attorney General hereby petitions for such review of the [redacted] NSL's request for information and the nondisclosure requirement in the [redacted] NSLs.

### STATEMENT OF THE CLAIM

**Respondent and Electronic Communication Services**

22.  Respondent offers services that provide its subscribers the means to communicate electronically with others.

23.  The various communications services that respondent offers to its users constitute a "wire" or "electronic communication" service as that term is defined in 18 U.S.C. § 2510(15). Respondent is therefore a provider of this wire and/or electronic communication service.

### The [REDACTED] National Security Letter

24.     During the course of an authorized national security investigation conducted by the FBI, the FBI determined that it required certain limited information from respondent relating to certain identifier(s) or individual(s). The Attorney General provides a fuller description of that underlying investigation, including the FBI's legitimate need for continued nondisclosure of the NSL request, in a classified, *ex parte* submission to the Court for *in camera* review pursuant to 18 U.S.C. § 3511(e).

25.     To obtain information to further the FBI's authorized investigation, the FBI issued to and/or served respondent with the NSL on [REDACTED] 2016, requesting limited, specific information as authorized by 18 U.S.C. § 2709. The NSL did not request the content of any communication.

26.     The NSL served on respondent was issued by the Acting Special Agent in Charge ("SAC") of an FBI Field Office under the authority of 18 U.S.C. § 2709. The SAC certified in the NSL, in accordance with 18 U.S.C. § 2709(b), that the information sought was relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities.

27.     The NSL directed respondent to provide the records requested to the FBI.

28.     The NSL also informed respondent of the prohibition against disclosing the contents of the NSL, certifying, in accordance with 18 U.S.C. § 2709(c), that such disclosure could result in an enumerated harm that is related to an "investigation to protect against international terrorism or clandestine intelligence activities."

29.     Pursuant to 18 U.S.C. § 2709(d), the NSL notified respondent that, in accordance with 18 U.S.C. § 3511(a), respondent had a right to challenge the NSL if compliance would be unreasonable, oppressive, or otherwise unlawful.

30.     The NSL advised that if respondent wished to have a court review the nondisclosure requirement, respondent could file a petition to initiate judicial review or the Government would initiate judicial proceedings within 30 days of receiving notice of

1 | respondent's desire for such review, in order to demonstrate to a federal judge the need for
2 | nondisclosure pursuant to 18 U.S.C. § 2709(c).

3 | The [ ] National Security Letter

4 | 31.   During the course of an authorized national security investigation conducted by
5 | the FBI, the FBI determined that it required certain limited information relating to certain
6 | identifier(s) or individual(s). The Attorney General provides a fuller description of that
7 | underlying investigation, including the FBI's legitimate need for continued nondisclosure of the
8 | NSL request, in a classified, *ex parte* submission to the Court for *in camera* review pursuant to
9 | 18 U.S.C. § 3511(e).

10 | 32.   To obtain information to further the FBI's authorized investigation, the FBI issued
11 | to and/or served respondent with the NSL on [ ] 2016, requesting limited, specific
12 | information as authorized by 18 U.S.C. § 2709. The NSL did not request the content of any
13 | communication.

14 | 33.   The NSL served on respondent was issued by the Acting SAC of an FBI Field
15 | Office under the authority of 18 U.S.C. § 2709. The SAC certified in the NSL, in accordance
16 | with 18 U.S.C. § 2709(b), that the information sought was relevant to an authorized investigation
17 | to protect against international terrorism or clandestine intelligence activities.

18 | 34.   The NSL informed respondent of the prohibition against disclosing the contents
19 | of the NSL, certifying, in accordance with 18 U.S.C. § 2709(c), that such disclosure could result
20 | in an enumerated harm that is related to an "investigation to protect against international
21 | terrorism or clandestine intelligence activities."

22 | 35.   The NSL advised that if respondent wished to have a court review the
23 | nondisclosure requirement, respondent could file a petition to initiate judicial review or the
24 | Government would initiate judicial proceedings within 30 days of receiving notice of
25 | respondent's desire for such review, in order to demonstrate to a federal judge the need for
26 | nondisclosure pursuant to 18 U.S.C. § 2709(c).
27

36.  The [ ] NSL subsequently was withdrawn by the FBI; however, the nondisclosure provision in the [ ] NSL remains in effect.

**Respondent's Objection to Compliance with the National Security Letters**

37.  To date, respondent has not provided the FBI with the information requested by the [ ] NSL.

38.  Respondent has objected to continued compliance with the nondisclosure requirements of the [ ] NSLs by letters received by the Government on [ ] 2017.

39.  A designated FBI official has certified pursuant to 18 U.S.C. § 2709 that the information sought in the [ ] NSL is relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities, and that disclosure of the fact that the FBI has sought or obtained access to the information sought by the [ ] NSLs may endanger the national security of the United States, interfere with a criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of a person. *See* 18 U.S.C. § 2709(b), (c)(1).

40.  Pursuant to 18 U.S.C. § 3511(b)(2), a designated, senior FBI official recently has reviewed the [ ] NSLs and certified as of April 6, 2017 that disclosure of the fact that the FBI has sought or obtained access to the information sought by the NSLs may endanger the national security of the United States, interfere with a criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of a person. Pursuant to 18 U.S.C. § 3511(e), the Attorney General is providing the Court *ex parte* and *in camera* that certification, containing a statement of specific facts that includes classified information, supporting the need for obtaining the information sought by the [ ] NSL to respondent and the damage reasonably expected to flow from disclosure of the [ ] NSLs.

41.  Petitioner has demonstrated that there is good reason to believe that disclosure of the information subject to the nondisclosure requirement contained in the NSLs may result in a

danger to national security, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, and/or a danger to the life or physical safety of a person.

42. Respondent has demonstrated that, absent Court action, it will not comply with the [ ] NSL lawfully issued pursuant to 18 U.S.C. § 2709.

43. Respondent's failure to comply with the lawfully issued [ ] NSL violates 18 U.S.C. § 2709.

44. Respondent's failure to comply with the lawfully issued [ ] NSL interferes with the United States' vindication of its sovereign interests in law enforcement, counterintelligence, and protecting national security.

45. The [ ] NSL information request was made of respondent consistent with law, 18 U.S.C. § 2709(b), is fully authorized, and in all other respects is proper and entitled to enforcement by this Court.

**RELIEF REQUESTED**

WHEREFORE, the Attorney General of the United States requests the following relief:

1. That this Court enter an order pursuant to 18 U.S.C. § 3511(c) declaring that respondent is bound by the provisions of 18 U.S.C. § 2709 as applied to respondent and the [ ] NSL, and that respondent promptly provide the information requested in the [ ] NSL to the FBI.

2. That this Court enter an order pursuant to 18 U.S.C. § 3511(b)(1)(C) and 18 U.S.C. § 3511(b)(3) affirming that there is good reason to believe that disclosure of the [ ] NSL served on respondent may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of a person; and that respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709 as applied to respondent, including the requirement that respondent not disclose the fact or contents of the [ ] NSL to any person (other than those to whom such disclosure is necessary to comply

with the request or an attorney to obtain legal advice or legal assistance with respect to the request).

3. That this Court enter an order pursuant to 18 U.S.C. § 3511(b)(1)(C) and 18 U.S.C. § 3511(b)(3) affirming that there is good reason to believe that disclosure of the ▓ NSL served on respondent may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of a person; and that respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709 as applied to respondent, including the requirement that respondent not disclose the fact or contents of the ▓ NSL to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request).

4. That, pursuant to 18 U.S.C. § 3511(d), this Court close hearings in this matter and keep petitions, filings, records, orders, and other materials under seal to prevent the unauthorized disclosure of the NSLs at issue in this action.

5. That this Court grant the Attorney General such other and further relief as may be just and proper.

Dated: April 7, 2017

Respectfully submitted,

U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION

By: /s/ 
ERIC J. SOSKIN
JENNIE L. KNEEDLER
KEVIN M. SNELL

Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch

*Attorneys for the Attorney General*