Marcia Hofmann (Cal. Bar No. 250087)
marcia@zeitgeist.law
Kendra K. Albert (Cal. Bar No. 314839)
kendra@zeitgeist.law
ZEITGEIST LAW PC
25 Taylor St.
San Francisco, CA 94102
Telephone: (415) 830-6664

Attorneys for UNDER SEAL
Respondent and Cross-Petitioner

SEALED BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re NATIONAL SECURITY LETTERS | Case No. 17-cv-1959-SBA<br><br>**REPLY IN SUPPORT OF CROSS-PETITION FOR MODIFICATION OF ONE NATIONAL SECURITY LETTER AND NONDISCLOSURE REQUIREMENTS OF TWO NATIONAL SECURITY LETTERS PURSUANT TO 18 U.S.C. § 3511**<br><br>**FILED UNDER SEAL PURSUANT TO 18 U.S.C. § 3511(d)**<br><br>Judge: Hon. Saundra Brown Armstrong<br>Date: August 11, 2017<br>Time: 1:00 p.m.<br>Place: Courtroom 210, 2nd Floor |

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ................................................................................................................... 1

    A.    The Court Should Modify the [redacted] NSL Nondisclosure Requirements to Include Conditions Appropriate to the Circumstances. ................. 1

        1.    The Court Should Searchingly Review the Government's Classified Certification in Support of the Nondisclosure Requirements and Modify the Restrictions if the Government Does Not Meet the Requirements of 18 U.S.C. §§ 3511(b)(2) and (3). ............................................................................ 1

        2.    The Court Should Modify the [redacted] NSL Nondisclosure Requirements So That They Have a Fixed Duration. ............ 3

            a)    There Is No National Security Exception to the First Amendment ....................................................................................... 4

            b)    The Indefinite NSL Nondisclosure Requirements Accompanying the [redacted] NSLs Are Not Narrowly Tailored to Achieve the Government's Interest. ................. 5

            c)    An Indefinite Nondisclosure Restriction Is Not the Least Restrictive Alternative to Achieve the Government's Interest .......... 6

            d)    The First Amendment Requires Actual, Independent Judicial Review of the Nondisclosure Requirements to Protect Under Seal's Speech Rights. ............................................................................... 7

            e)    The Government's Effort to Analogize NSL Nondisclosure Requirements to Other Contexts is Unavailing. ............................... 9

    B.    The Court Should Enter an Order Explicitly Stating That Under Seal Is Not Required to Produce Electronic Communications Transactional Records in Response to the California NSL. ............................................................................. 10

III. CONCLUSION ............................................................................................................. 10

## I. INTRODUCTION

Respondent and Cross-Petitioner [REDACTED] ("Under Seal") has received two national security letters ("NSLs") from the Federal Bureau of Investigation ("FBI") requesting certain subscriber records pursuant to 18 U.S.C. § 2709. The first NSL was issued by the FBI's [REDACTED] Field Office [REDACTED] NSL"), and the second was issued by the [REDACTED] Field Office [REDACTED] NSL"). Both NSLs impose nondisclosure requirements prohibiting Under Seal from disclosing the existence or contents of the demands indefinitely pursuant to 18 U.S.C. § 2709(c).

Under Seal asks this Court to modify the [REDACTED] NSL nondisclosure requirements pursuant to 18 U.S.C. § 3511(b)(1)(C) so that they include "conditions appropriate to the circumstances," including durational limits. Under Seal also asks this Court to enter an order making clear that Under Seal does not have to produce electronic communications transactional records ("ECTRs") in response to the [REDACTED] NSL.

## II. ARGUMENT

### A. The Court Should Modify the [REDACTED] NSL Nondisclosure Requirements to Include Conditions Appropriate to the Circumstances.

Under Seal asks this Court to issue an order modifying the [REDACTED] NSL nondisclosure requirements so that they include "conditions appropriate to the circumstances." 18 U.S.C. § 3511(b)(1)(C).

#### 1. The Court Should Searchingly Review the Government's Classified Certification in Support of the Nondisclosure Requirements and Modify the Restrictions if the Government Does Not Meet the Requirements of 18 U.S.C. §§ 3511(b)(2) and (3).

The government does not dispute that it is required to certify that an enumerated harm is specifically related to "an authorized investigation to protect against international terrorism or clandestine intelligence activities." *John Doe, Inc. v. Mukasey*, 549 F.3d 861, 874-75 (2d Cir. 2008); *see also In re National Security Letters*, Nos. 11-cv-02173-SI, 3:11-cv-2667 SI, 3:13-mc-80089 SI & 3:13-cv-1165 SI, slip op. at 28 & 28 n.13-14 (N.D. Cal. Mar. 29, 2016) ("*In re NSL—N.D. Cal. 2016*") (Soskin Decl. Ex. 4) *appeal docketed*, Nos. 16-16067, 16-16081 & 16-16082 (9th Cir. Jul. 6, 2016). Nor does the government dispute that it is required to demonstrate *good* reason

to believe that disclosure may risk one of the enumerated harms. *Mukasey*, 549 F.3d at 875. Nor does the government dispute that it bears the burden of proof to persuade the Court that good reason exists to believe that disclosure may risk one of the enumerated harms. *Id.* at 875-76; *In re NSL—N.D. Cal. 2016*, slip op. at 28.

The government *does* dispute that this Court should "searchingly test" its certification under the subsection 3511(b)(3) standard. Reply & Opp. at 2-3. But, as the government concedes, the USA FREEDOM Act ("USAFA") eliminated a requirement in the prior version of section 3511 requiring the courts to treat the FBI's certifications as "conclusive" to ensure independent judicial review. *Compare* 18 U.S.C. § 3511(b)(2) (2006) *with* 18 U.S.C. § 3511(b)(2) (2015).

Officials seeking to restrain speech must provide adequate facts to allow a court to "searchingly" perform constitutional review. *See Lee Art Theatre, Inc. v. Virginia*, 392 U.S. 636, 637 (1968) (per curiam). As such, it is wholly appropriate for this Court to "searchingly" review the government's certification to determine whether the government has met its burden under section 3511(b)(2) with respect to all information it seeks to keep secret. If it fails to do so, this Court should modify or terminate the nondisclosure requirements, as other courts have done. *E.g.*, *In re NSLs—N.D. Cal. 2016*, slip op. at 32 (government failed to show a "reasonable likelihood" that disclosure of information subject to a nondisclosure requirement would result in an enumerated harm); *Doe v. Holder*, 703 F. Supp. 2d 313, 316 (S.D.N.Y. 2010) (terminating nondisclosure requirement with respect to portions of an NSL attachment), *Merrill v. Lynch*, 151 F. Supp. 3d 342, 351-352 (S.D.N.Y. 2015) (terminating nondisclosure requirement with respect to entire NSL attachment).

We note again that after serving the ▭ NSL on Under Seal, the FBI informed Under Seal's general counsel that the NSL would be amended because it contained an error, and then subsequently withdrew that NSL. Under Seal General Counsel Decl. ¶¶ 12 & 15. Under Seal does not know the nature or magnitude of that error, and it does not appear that the government has submitted additional evidence on reply to illuminate the situation for the Court. Reply & Opp. at 7 n.3. Under Seal asks the Court to review the government's certification with this factual

background in mind.

Furthermore, the FBI's decision to retreat from its demand for ECTRs further suggests that complete and indefinite nondisclosure is unwarranted for the [redacted] NSL. Under Seal would like the freedom to speak about the categories of information the FBI sought through this NSL, which could help inform the ongoing public discussion about the proper scope of subsection 2709(b).

The purpose of the nondisclosure requirements in section 2709 is to guard against specific enumerated harms. Overbroad uses of legal authority and shielding investigative missteps are not among those enumerated harms. *See New York Times Co. v. United States*, 403 U.S. 713, 723-24 (1971) (Douglas, J., concurring) (the dominant purpose of the First Amendment was to prohibit suppression of information that was "embarrassing to the powers-that-be"). This Court should modify or terminate the nondisclosure requirements so that they reach the information for which the government has met its burden, but no more.

2.  **The Court Should Modify the [redacted] NSL Nondisclosure Requirements So That They Have a Fixed Duration.**

The government's "naked prohibition against disclosures" regulates protected speech. *Bartnicki v. Vopper*, 532 U.S. 514, 526-27 (2001). Those prohibitions specifically target speech about government conduct, which "l[ies] at the core" of the First Amendment. *Butterworth v. Smith*, 494 U.S. 624, 632 (1990). "Whatever differences may exist about interpretations of the First Amendment, there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs." *Mills v. Alabama*, 384 U.S. 214, 218 (1966).

The government continues to urge this Court to enforce the indefinite nondisclosure requirements imposed upon Under Seal, arguing that such relief would pose no First Amendment problems and ignoring the pending Ninth Circuit litigation. Reply & Opp. at 4-11. The Court should not grant the final relief the government seeks before the Ninth Circuit issues its ruling, but instead should fashion a remedy to protect the interests of both parties pending the resolution of that case, and in any event no longer than 180 days.

a)    *There Is No National Security Exception to the First Amendment.*

The government emphasizes at length how important national security is. Reply & Opp. at 6-10. That is not in dispute. But national security is not a "talismanic incantation" that justifies the exercise of executive power beyond the bounds of the law. *See Hawaii v. Trump*, --- F.3d ---, 2017 WL 2529640, at \*16 (9th Cir. May 15, 2017), (citing *United States v. Robel*, 389 U.S. 258, 263-64 (1967)), *cert. granted* (U.S. June 26, 2017) (No. 16-1540).

The judiciary retains independence even when reviewing national security matters. "Our precedents, old and new, make clear that concerns of national security . . . do not warrant abdication of the judicial role. We do not defer to the Government's reading of the First Amendment, even when such interests are at stake." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 34 (2010). And there is no exception to the First Amendment for matters involving national security. *See New York Times v. United States*, 403 U.S. at 714 (per curiam). The tests that apply to matters involving national security are the same tests that apply to other speech restrictions. And every court to address the question to date has applied the strict scrutiny standard of review to subsection 2709(c) nondisclosure requirements, as they are a form of prior restraint and content-based restriction on speech. *Mukasey*, 549 F.3d at 878; *In re National Security Letter*, 930 F. Supp. 2d 1064, 1078 (N.D. Cal. 2013), *vacated after passage of USAFA by In re National Security Letters*, Nos. 13-15957 & 13-16731 (9th Cir. Aug. 24, 2015) (ECF No. 103); *In re NSL— N.D. Cal. 2016*, slip op. at 19-20; *Doe v. Gonzales*, 500 F. Supp. 2d 379, 397-98 (S.D.N.Y. 2007), *affirmed in part and reversed in part on other grounds by Mukasey; Doe v. Gonzales*, 386 F. Supp. 2d 66, 74-75 (D. Conn. 2005); *Doe v. Ashcroft*, 334 F. Supp. 2d 471, 511-12 (S.D.N.Y. 2004), *vacated after passage of the USA Patriot Improvement and Reauthorization Act by Doe v. Gonzales*, 449 F.3d 415 (2d Cir. 2006); *see also Lynch v. Under Seal*, 165 F. Supp. 3d 352, 355 (D. Md. 2015) (applying strict scrutiny).

The strict scrutiny test does not end with the recognition of a compelling interest. A content-based restriction on speech can only be sustained if it is *narrowly tailored* to promote a compelling government interest and is the *least restrictive alternative* to achieve that interest. *Reed v. Town of Gilbert*, -- U.S. --, 135 S. Ct. 2218, 2226 (2015); *United States v. Playboy Entm't*

-4-

*Group*, 529 U.S. 803, 813 (2000).

   b) <u>The Indefinite NSL Nondisclosure Requirements Accompanying the ▭ NSLs Are Not Narrowly Tailored to Achieve the Government's Interest.</u>

  The government's indefinite nondisclosure requirements are not narrowly tailored to protect the government's interest in maintaining the secrecy of ongoing investigations. At some point, investigations end. As the Supreme Court explained in the context of limiting nondisclosure orders on grand jury participants, "[w]hen an investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape—that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other." *Butterworth*, 494 U.S. at 632. The government has failed to explain why any nondisclosure requirement after that point would be necessary.

  Rather than ordering the government to justify the continuance of its nondisclosure requirements after the Ninth Circuit determines the constitutionality of the NSL statutes or, in any event, after 180 days, the government proposes that Under Seal should "invoke its statutory right to request judicial review . . . after the Ninth Circuit decision is issued." Reply & Opp. at 10. The Court should reject the government's attempt to shift the onus to Under Seal to seek judicial review. The plain language of section 3511 and the First Amendment place that burden squarely on the government to narrowly tailor the speech restriction to First Amendment standards.

  The USAFA amended section 3511(b) to put the burden on the government to initiate judicial review and justify its imposition of NSL nondisclosure requirements. Pub. L. No. 114-23, § 502(g), 129 Stat. 268, 288-89 (2015). As Congress made clear when it passed the USAFA, this was one of the procedural mechanisms suggested by *Mukasey* to ensure a "constitutionally sound process." H.R. Rep. No. 114-109, at 24 (2015). The *Mukasey* court found section 3511 unconstitutional when it did *not* place the burden on the government: "in the absence of Government-initiated judicial review, subsection 3511(b) is not narrowly tailored to conform to First Amendment procedural standards." 549 F.3d at 881 (discussing procedural protections required by *Freedman v. Maryland*, 380 U.S. 51 (1965)).

A service provider should not have to bear the hardship of coming back to the court again and again to ask whether a nondisclosure restriction continues to be constitutionally appropriate. "[P]utting the onus on the speaker to lift a no-longer-justified content-based restriction is hardly narrow tailoring. Adding the fact that the speaker cannot know when the restriction's *raison d'etre* fades' effectively equates to no tailoring at all." *In re Search Warrant for [Reacted].com*, No. 16-2316M (FFM), slip op. at 18 (C.D. Cal. March 31, 2017). The Court should place the burden to maintain any content-based restriction over time where it belongs: on the government.

        c)    *An Indefinite Nondisclosure Restriction Is Not the Least Restrictive Alternative to Achieve the Government's Interest.*

The indefinite nondisclosure restrictions imposed by the government are not the least restrictive alternative to promote its interest. Nor does the government argue that these restrictions are the only plausible option to secure the government's interest. The government contends only that the limited durations proposed by Under Seal are, in the government's view, "arbitrary." Reply & Opp. at 10.

The government's indefinite nondisclosure obligations are not "the least restrictive means among available, effective alternatives." *Ashcroft v. ACLU*, 542 U.S. 656, 666 (2004). Under Seal has proposed an approach that would maintain the secrecy of the government's investigative interests pending the outcome of binding authority from the Ninth Circuit, and then would ensure that this Court "expeditiously" reviews the nondisclosure requirements after that precedent is rendered. 18 U.S.C. § 3511(b)(1)(C). Under Seal asks that, in any event, this Court revisit those obligations in 180 days, a time period that other courts have deemed appropriate for periodic judicial review of nondisclosure requirements. *In re Search Warrant for [Redacted].com*, slip op. at 18-19; *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 895 (S.D. Tex. 2008).

Whether or not the government considers these options "arbitrary" is irrelevant. "When a plausible, less restrictive alternative is offered to a content-based speech restriction, it is the Government's obligation to prove that the alternative will be *ineffective to achieve its goals*." *Playboy*, 529 U.S. at 816 (emphasis added). The government has not met that burden, nor can it.

    d) *The First Amendment Requires Actual, Independent Judicial Review of the Nondisclosure Requirements to Protect Under Seal's Speech Rights.*

  The government suggests that any constitutional problems posed by indefinite NSL nondisclosure requirements are sufficiently addressed by the internal procedures the FBI implemented under the USAFA to review such obligations. Reply & Opp. at 5. According to those procedures, the FBI will review the [redacted] NSL nondisclosure requirements twice at most: once three years after the initiation of the full investigations in which they were issued, and then at the close of those investigations. FBI, *Termination Procedures for National Security Letter Nondisclosure Requirement* (Nov. 24, 2015) (Opp. & Cross-Pet. Mem. P&A Hofmann Decl. Ex. E). The existence of these procedures does not resolve the First Amendment problems associated with indefinite nondisclosure requirements.

  As an initial matter, internal agency review is no substitute for independent judicial review. Just as judges are not national security experts, FBI officials are not First Amendment experts. *See Brown v. Glines*, 444 U.S. 348, 370 (1980) (Brennan, J., dissenting). "The fiat of a governmental official, though senior in rank and doubtless honorable in the execution of official duties, cannot displace the judicial obligation to enforce constitutional requirements." *Mukasey*, 549 F.3d at 883.

  Furthermore, FBI's review procedures "leave several large loopholes." *In re NSLs*, No. 16-518 (JEB), slip op. at 4-5 (D.D.C. July 25, 2016) (Supp. Hofmann Decl. Ex. 1). A nondisclosure requirement that the FBI decides is justified at the conclusion of an investigation may remain in place forever. *Id.*, slip op. at 4. Extended investigations may have long periods of time between the third anniversary and the close date, leaving many years between reviews. *Id.*, slip op. at 4-5. And investigations that are never officially closed may permanently leave nondisclosure obligations in place. *Id.*, slip op. at 5. Bipartisan members of Congress who drafted and co-sponsored the USAFA have told the Ninth Circuit that they do not believe the FBI's procedures satisfy the requirements of the USAFA or the First Amendment. Brief of Amici Five Members of Congress in Support of Petitioner-Appellants, *In re NSLs—9th Cir.*, Nos. 16-16067, 16-16081 & 16-16082 (9th Cir. filed

1  Sept. 26, 2016).[1]

2  Contrary to the government's suggestion, Reply & Opp. at 4-5, Judge Illston did not find the FBI's review procedures constitutional on their face, but only as applied to the NSLs issued to the petitioners in the case before her. *In re NSL—N.D. Cal. 2016*, slip op. at 18 n.9. The legal sufficiency of those procedures remains at issue before the Ninth Circuit. Unsealed Brief of Petitioners-Appellants at 39-41, *In re NSLs—9th Cir.*; Oral Argument Before the Ninth Circuit at 23:04-23:39, https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000011251. And the release of a miniscule number of redacted NSLs does not prove the efficacy of these procedures. Of the 61,180 NSLs issued between 2013 and 2016, fewer than twenty have been published even in redacted form.[2] It is unlikely that the FBI continues to have a compelling interest in the secrecy of the recipients and contents of the 61,100+ other NSLs issued during that time period—let alone older NSLs.

The government itself has proposed in litigation that durational limits and substantive redactions may be appropriate safeguards to ensure that NSL nondisclosure requirements meet constitutional requirements. *In re NSL—N.D. Cal. 2016*, slip op. at 30. And Congress has explicitly empowered the Courts to craft nondisclosure orders with "conditions appropriate to the circumstances," which might include durational and substantive limits. 18 U.S.C. § 3511(c); *Mukasey*, 549 F.3d at 883 (it is within the Court's power to conform nondisclosure obligations "to First Amendment requirements, by limiting the duration of the nondisclosure requirement, absent a ruling favorable to the government upon judicial review"). This Court should adopt such durational limitations to protect the interests of both parties.

---

[1] Available at https://lofgren.house.gov/uploadedfiles/nsl_letters_amicus.pdf. In the interest of full disclosure, undersigned counsel represents those members of Congress in *In re NSLs—9th Cir*.

[2] *Compare* Office of the Director of National Intelligence, *Statistical Transparency Report Regarding Use of National Security Authorities: Annual Statistics for Calendar Year 2016* at 23 (April 2017), https://www.dni.gov/files/icotr/ic_transparecy_report_cy2016_5_2_17.pdf *with* Opp. & Cross-Pet. Mem. P&A at 17 n.7.

### e) The Government's Effort to Analogize NSL Nondisclosure Requirements to Other Contexts is Unavailing.

The government cites a string of cases about grand jury proceedings to argue that indefinite nondisclosure requirements are appropriate here. Reply & Opp. at 8. The government's effort to analogize NSL nondisclosure requirements to grand jury secrecy has been rejected again and again. *Mukasey*, 549 F.3d at 876-77; *In re NSL—N.D. Cal. 2013*, 930 F. Supp. 2d at 1071-72; *In re NSL—N.D. Cal. 2016*, slip op. at 20-22; *Gonzales*, 500 F. Supp. 2d at 402-403; *see also In re Search Warrant for [Redacted].com*, slip op. at 14 (rejecting same argument in the context of the government's defense of an order forbidding a service provider to provide notice of a warrant).

Even grand juries must operate within First Amendment limits. *Butterworth*, 494 U.S. at 630. And while Federal Rule of Criminal Procedure 6 imposes a secrecy requirement to protect grand jury proceedings, it does not extend to witnesses. *In re Grand Jury*, 490 F.3d 978, 985-86 (D.C. Cir. 2007). Where states have passed laws to impose certain secrecy requirements on grand jury witnesses, those obligations have been upheld where they were limited in duration, *Butterworth*, 494 U.S. at 632, or the law provided a mechanism for a judicial review to determine that secrecy was no longer required, *Hoffmann-Pugh v. Keenan*, 338 F.3d 1136, 1140 (10th Cir. 2003).

The government's analogy to nondisclosure requirements in other contexts likewise fails. Contrary to the government's suggestion, in *First Amendment Coal. v. Judicial Inquiry & Review Bd.*, the court concluded that a review board could *not* indefinitely prohibit witnesses from speaking about their own testimony in judicial misconduct proceedings, finding "no state interest strong enough to justify such a sweeping measure." 784 F.2d 467, 478-49 (3rd Cir. 1986). And *Times-Mirror Co. v. United States* did not involve a nondisclosure requirement at all, but rather a right-of-access claim to sealed warrant materials during the pre-investigation phase of a criminal investigation. 873 F.2d 1210, 1218 (9th Cir. 1989). Under Seal does not seek access to any government materials—it simply wants the freedom to speak about its involuntary experience as an NSL recipient and subject of controversial nondisclosure obligations.

### B. The Court Should Enter an Order Explicitly Stating That Under Seal Is Not Required to Produce Electronic Communications Transactional Records in Response to the ▓▓▓ NSL.

On reply, the government has abandoned its effort to seek electronic communications transactional records that 18 U.S.C. § 2709 does not authorize the FBI to obtain. Reply & Opp. at 12-13. It still contends, however, that as a legal matter, section 2709 authorizes the FBI to obtain information from Under Seal that is "parallel to . . . toll billing records," citing as an example the "To," "From," "Time," and "Date" fields on emails. Reply & Opp. at 12, citing OLC Opinion at 147 n.3 (Opp. & Cross-Pet. Mem. P&A Hofmann Decl. Ex. A).

[redacted] It remains a mystery what information the government believes Under Seal has about the target subscriber that would be "parallel" to telephone toll billing records.

While the government no longer asks this Court to enforce the ▓▓▓ NSL's demand for ECTRs, the FBI has neither withdrawn the NSL nor issued a modified version that does not seek such information. Under Seal asks this Court to enter an order explicitly stating that Under Seal is not required to disclose ECTRs in response to the ▓▓▓ NSL. *See* Revised Proposed Order.

### III. CONCLUSION

For the foregoing reasons, the government's petition should be denied, and Under Seal's cross-petition should be granted.

DATED: June 28, 2017

Respectfully submitted,

*/s/ Marcia Hofmann*
Marcia Hofmann
Kendra K. Albert
ZEITGEIST LAW PC
25 Taylor Street
San Francisco, CA 94102
Telephone: (415) 830-6664

Attorneys for UNDER SEAL Respondent and Cross-Petitioner ▓▓▓

-10-
REPLY IN SUPP. OF CROSS-PET. FOR MODIFICATION OF ONE NSL AND
NONDISCLOSURE REQUIREMENTS OF TWO NSLS
No. 17-cv-1959-SBA

# CERTIFICATE OF SERVICE

I, Marcia Hofmann, certify that on June 28, 2017, pursuant to prior agreement of the parties, I will cause to be served electronically on the government's counsel the foregoing UNDER SEAL RESPONDENT/CROSS-PETITIONER'S REPLY IN SUPPORT OF CROSS-PETITION FOR MODIFICATION OF ONE NATIONAL SECURITY LETTER AND NONDISCLOSURE REQUIREMENTS OF TWO NATIONAL SECURITY LETTERS PURSUANT TO 18 U.S.C. § 3511. A password-protected copy of this document will be served via email upon the government's counsel Kevin Snell at Kevin.Snell@usdoj.gov, Jennie L. Kneedler at Jennie.L.Kneedler@usdoj.gov, and Eric Soskin at Eric.Soskin@usdoj.gov. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 28, 2017.

*[signature]*
Marcia Hofmann